IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA J. BRYAN,

      Plaintiff,               10cv1259
                                        **ELECTRONICALLY FILED**
  v.

LAWYERS GUILD OF GREAT
BRITAIN, ET AL.,

      Defendants.


## **MEMORANDUM ORDER**

On September 23, 2010, Plaintiff, Linda Bryan, filed a Complaint against "All United States Offices, Officials and Department, Any and All International Bankers, International Monetary Fund, Lawyers Guild of Great Britain, Queen Mother, Elizabeth II, The United Nations, and the World Bank" alleging international terrorism, bankruptcy fraud, changing the civil laws under Article III of the Constitution, and "holding hostage the United States Court System and each and every attorney in the United States of America."  Doc. No. 1.

On January 24, 2011, in an attempt to allow Plaintiff to serve those Defendants who could be served, the Court entered an Order to Show Cause, ordering that Plaintiff's case would be dismissed on February 7, 2011, without prejudice pursuant to Fed. R. Civ. Pro. 4(m), for failure to make service on Defendants within 120 days of filing the Complaint, unless good cause was shown why such service was not made within that period.  Doc. No. 2.

Instead of attempted to serve those Defendants who could be served, Plaintiff filed a document containing a Response to Order to Show Cause, a Motion to Extend Time to Serve Petition on Defendants, and an Amended Complaint, adding the Commonwealth of

Pennsylvania as an additional Defendant, on February 4, 2011.  Doc. No. 3.  In this document, Plaintiff sought an additional 120 days for the Court to serve Defendants and requested that the Court "please provide Plaintiff Pro Se with Proof of Service of International Summons and Service of this Petition to (each and every) of the above-captioned Defendants, as burden of proof or persuasion falls on the professionals, in this Case."[1]  Doc. No. 3, 5.

Now, having allowed Plaintiff the opportunity to serve her Complaint upon those Defendants who could, in fact, be served, and because Plaintiff has failed to do so (and instead filed an amended Complaint adding yet another Defendant), this Court turns its attention to Plaintiff's substantive allegations.  Regardless of Plaintiff's failure to serve her Complaint or advance good cause for her failure to do so, the Complaint is legally insufficient and is incurable.  Therefore, because Plaintiff's Complaint is frivolous for the reasons which follow, this Court will dismiss the Complaint *sua sponte*.

---

[1] The Court notes that Plaintiff has not advanced any good cause for her failure to serve any Defendants.  Indeed, Plaintiff seems to argue that the Court must serve Defendants.  The Court notes that Federal Rule of Civil Procedure 4(c)(1) provides that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Therefore, Plaintiff, not the Court, is responsible for serving all named Defendants.

Additionally, although Fed. R. Civ. Pro. 4(m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1), Plaintiff has made no effort to serve any Defendants and Defendants such as "any and all international bankers" cannot be feasibly served.  *See Umbenhauer v. Woog*, 969 F.2d (3d Cir. 1992) ( "Rule 4(m) expressly states that it shall not apply to service in a foreign country . . . . Rule 4(m)'s drafters apparently incorporated this exemption into Rule 4(m) because . . . the vagaries of such service [on foreign defendants] render the Rule 4(m) time limit too burdensome on a plaintiff.)  Id. at 31, *quoting Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877 (3d Cir. 1987).  Nevertheless, despite Plaintiff's failure to even attempt service as to any Defendants, foreign or domestic, this Opinion will address the Amended Complaint's lack of any claim demonstrating that she may be entitled to relief.

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading.  Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged.  *Id*. at 1949.  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555).  A court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), citing *Iqbal*, 129 S.Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Fowler*, 578 F.3d at 210-211.

A District Court may not dismiss a Complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Iqbal,* 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556, 563 n.8.  Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.  In short, a motion to dismiss should not be granted if a plaintiff alleges facts which could, if established at trial, entitle her to relief. *Id*. at 563 n.8.  Generally

speaking, a Complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. *See Fowler* and *Guirguis*, supra.

The Court clearly has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear). *Pro se* litigants will, of course, be given some leeway because they are not versed in the law, and their complaints should be construed liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).[2]

Although Defendants (at least those that legally exist and can be served) have not yet been served or put forth the time and resources to file their inevitable Motions to Dismiss, the Court will gauge this Amended Complaint by the above standards. Therefore, the Court has accepted all of Plaintiff's facts as true (but this assumption is made only for purposes of testing the legal sufficiency of the Amended Complaint), has given her the benefit of all reasonable inferences from the facts as she alleges, and has resolved all doubts in her favor. Having done

---

[2] The Court recognizes that in *Oatess v. Sobolevitch*, 914 F.2d 428 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit reasoned that a district court cannot *sua sponte* dismiss a complaint under Rule 12(b)(6) before service of process. *Id.* at 430. However, the Court clarified that they were not addressing a district court's *sua sponte* dismissal power under Rule 12(b)(6) after service of process. *Id.* at FN 5, citing *Neitzke v. Williams*, 490 U.S. 319 (1989). The Court continued that a district court might, *sua sponte*, raise the issue of the deficiency of a Complaint under Rule 12(b)(6), so long as the Plaintiff is afforded an opportunity to respond. *Id.* In the present case, many of the Defendants do not exist as legally cognizable Defendants and therefore cannot be feasibly served. Further, in response to this Court's Order of January 24, 2011, Plaintiff filed an Amended Complaint adding an additional Defendant, instead of responding to a Rule. The Court believes that, as such, it is within its discretion to *sua sponte* address Plaintiff's Amended Complaint under Rule 12(b)(6).

so, the Court holds that all of Plaintiff's claims are without legal merit, based upon the affirmative allegations of her Amended Complaint.

In her Amended Complaint, Plaintiff alleges that the Commonwealth of Pennsylvania and the Pennsylvania Bar Association "violated oaths taken to uphold the Constitution, an[d] international bankruptcy against 'We the People' by changing law [and] mocking God . . . ." Doc. No. 1, 3.  There are no other specific factual claims against any Defendants or any contentions against Defendants based upon any legal theory.  Doc. No. 1.  The remainder of Plaintiff's Amended Complaint is her demand for discovery from Defendants including, all printed documents pertaining to the United Nations for five continuous years, and questions which not based upon any legal argument such as "What is responsible for the 50 % divorce rate in the United States?" and "Why did the Queen Mother Elizabeth II not correct her ignorant son as they are an example for their Country in the eye of God and their peoples?" Doc. No. 1, 7.  There are no factual allegations which, if established at trial, demonstrate that Plaintiff may be entitled to relief.  Indeed, Plaintiff's Amended Complaint fails to state a cognizable claim for relief from any Defendants.

For all of the foregoing reasons, and  because Plaintiff's own affirmative averments demonstrate that she has no legitimate claim against any Defendant, this Court deems it appropriate to *sua sponte* dismiss Plaintiff's Amended Complaint at this juncture, without requiring Plaintiff to expend substantial sums of money in an attempt to effectuate service on foreign Defendants, some of which are not legally cognizable and cannot be feasibly served, or putting those legally recognizable Defendants through the time and expense of responding to her frivolous Amended Complaint.

Furthermore, it is clear based upon Plaintiff's Amended Complaint that it could not be cured by further amendment.  Therefore, Plaintiff's Amended Complaint (Doc. Nos. 1, 3) will be dismissed with prejudice.  Because Plaintiff's Amended Complaint will be dismissed with prejudice, Plaintiff's Motion to Extend Time (Doc. No. 3) will be dismissed as moot.

**AND NOW, this 9th day of February, 2011**, upon consideration of Plaintiff's Civil Complaint, **IT IS HEREBY ORDERED** that the Amended Complaint (Doc. Nos. 1 & 3) is **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous.  Because any further amendment would be futile, this dismissal is **with prejudice**.  Accordingly, Plaintiff's Motion to Extend Time to Serve Petition on Defendants (Doc. No. 3) is **DISMISSED as moot**.

The Clerk of Court shall mark this case closed.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   Linda J. Bryan
3000 Swallow Hill Road
Apartment 344
Pittsburgh, PA 15220